UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BROOKE B.,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C19-5769-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing the medical evidence and Plaintiff's subjective testimony.[1] (Dkt. # 16 at 1.) Plaintiff also argues that the ALJ was not properly appointed under the Appointments Clause of the United States Constitution at the time of the administrative hearing. (Dkt. # 16 at 1-2.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the

---

[1] Plaintiff also assigns error to the ALJ's residual functional capacity ("RFC") assessment and step-five findings (dkt. # 16 at 13-14), but in doing so only reiterates arguments made elsewhere. Therefore, this assignment of error need not be addressed separately. Furthermore, in her reply brief, Plaintiff concedes that any error related to the lay evidence was not harmful. (Dkt. # 18 at 8.) Thus, the Court need not address Plaintiff's assignment of error related to lay evidence.

ORDER - 1

case with prejudice.

## II.   BACKGROUND

Plaintiff was born in 1985, has a 10th-grade education with a GED and a certified nursing assistant ("CNA") license, and has worked as a CNA. AR at 498, 721, 728. Plaintiff was last gainfully employed in 2015. *Id*. at 498.

In December 2015, Plaintiff applied for benefits, alleging disability as of August 1, 2015. AR at 448-66. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. at 362-68, 371-83. After the ALJ conducted a hearing in March 2018 (*id*. at 268-99), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 27-36.

Utilizing the five-step disability evaluation process,[2] the ALJ found:

- Step one: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

- Step two: Plaintiff's rheumatoid arthritis, depression, anxiety, and opioid dependence are severe impairments.

- Step three: These impairments do not meet or equal the requirements of a listed impairment.[3]

- RFC: Plaintiff can perform light work with additional limitations: she can sit for up to six hours at a time. She can frequently stoop. She should avoid hazards such as machinery. She can persist at simple and well-learned complex tasks in a stable work environment with few simple workplace changes.

- Step four: Plaintiff cannot perform past relevant work.

- Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 27-36.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the

---

[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

1  Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the

2  Commissioner to this Court.

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.  DISCUSSION

**A.   The ALJ Did Not Err in Assessing the Medical Opinion Evidence**

Plaintiff contends that the ALJ erred in assessing multiple medical opinions, which the Court will address in turn.

*1.     Legal Standards*

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

*2.     Loreli Thompson, Ph.D.*

Dr. Thompson examined Plaintiff in July 2016 and wrote a narrative report describing Plaintiff's symptoms and limitations. AR at 719-25. The ALJ gave significant weight to Dr. Thompson's opinion because it is "consistent with the medical record showing the claimant able to engage in activities such as reading and driving, and navigating the long search for housing, which involved administrative steps and logistical hurdles[.]" *Id.* at 33.

Plaintiff argues that none of the activities cited by the ALJ show that Plaintiff can perform work (dkt. # 16 at 3-4), but that is not the reason for which the ALJ cited them: the ALJ cited the activities as consistent with Dr. Thompson's opinion, which is not an improper consideration.

Plaintiff also argues that the ALJ failed to fully account for all of the limitations identified by Dr. Thompson, such as "inconsistent memory functions, poor delayed memory after interference, poor working memory, inconsistent sustained concentration and persistence, and a likely impacted ability to adapt to routine changes in a typical work setting." (Dkt. # 16 at 4.) But

ORDER - 4

1   Plaintiff has failed to show that any of these findings are inconsistent with the ALJ's RFC
2   assessment, which limited Plaintiff to performing "simple and well-learned complex tasks in a
3   stable work environment with few, simple, work place changes." AR at 31. Indeed, the State
4   agency consultants reviewed *inter alia* Dr. Thompson's opinion and gave great weight to it, and
5   assessed limitations consistent with those found by the ALJ. *See id*. at 309-10, 312-13, 326,
6   328-29. Plaintiff has not shown that the ALJ's RFC assessment fails to fully account for Dr.
7   Thompson's opinion. *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th
8   Cir. 2010) (ALJ properly incorporated opinions by assessing RFC limitations "entirely
9   consistent" with limitations assessed by physician).

        3.        Charles May, M.D.

Dr. May, Plaintiff's treating rheumatologist, completed a DSHS form opinion in September 2017 describing Plaintiff's physical symptoms and limitations. AR at 756-59. Dr. May opined that Plaintiff was limited to performing sedentary work due to her rheumatoid arthritis. *Id*. The ALJ gave little weight to Dr. May's opinion, finding it inconsistent with Dr. May's treatment notes showing significant improvement with medication and normal physical examinations. *Id*. at 33 (citing *id*. at 763, 863-84).

Plaintiff argues that the ALJ erred in failing to note that Dr. May was a treating rheumatologist and his opinion was thereby entitled to special weight. (Dkt. # 16 at 4.) But the ALJ did, in fact, reference Dr. May's treatment notes, which suggests the ALJ appreciated the treatment relationship. AR at 33. Moreover, Plaintiff cites no authority requiring that an ALJ give Dr. May's opinion special weight under these circumstances, where the ALJ found it to be inconsistent with the record.

Next, Plaintiff argues that the ALJ erred in "acting as his own medical expert" when

finding Dr. May's opinion to be inconsistent with the record. (Dkt. # 16 at 4-5.) But an ALJ, although a layperson, is tasked with considering whether a medical opinion is consistent with the record. *See, e.g.*, 20 C.F.R. § 404.1527(c)(3)-(4); *Bayliss*, 427 F.3d at 1216 (rejecting physician's opinion due to discrepancy or contradiction between opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province"). Plaintiff has not shown that the ALJ was unreasonable in finding Dr. May's opinion to be inconsistent with reports of improvement and normal physical examinations, and therefore has not shown that the ALJ erred in assessing Dr. May's opinion.

    *4. State Agency Consultants*

  The State agency consultants opined that Plaintiff's psychiatric symptoms "may interfere periodically" with Plaintiff's attention, concentration, persistence, and pace. AR at 329, 344. The consultants rated Plaintiff's limitations in the ability to maintain attention and concentration for extended periods of time as "moderate." *Id*. at 328, 344.

  The ALJ gave significant weight to the State agency opinions, explicitly noting that the consultants opined that Plaintiff had moderate limitations in maintaining concentration, persistence, and pace. AR at 33. Plaintiff argues that the ALJ failed to account for the consultants' opinion that Plaintiff's symptoms "may interfere" with her ability to maintain attention and concentration (dkt. # 16 at 5), but Plaintiff has not shown that the ALJ's RFC assessment is inconsistent with this equivocal opinion. Again, the ALJ limited Plaintiff to performing simple and well-learned complex tasks in a stable work environment with few simple workplace changes, which is not necessarily inconsistent with moderate concentration deficits. Furthermore, the consultants found Plaintiff to be not disabled (AR at 330, 346), which suggests that their opinions should be read as describing non-disabling limitations. For all these reasons,

the Court finds that Plaintiff has failed to show that the ALJ erred in assessing the State agency opinions.

### 5. Additional Medical Evidence

Plaintiff summarizes other medical evidence (dkt. # 16 at 5-6) that does not relate to a specific error in the ALJ's decision, and thus need not be discussed further.

Plaintiff also summarizes medical evidence that was considered for the first time by the Appeals Council (dkt. # 16 at 6-9) and argues that the evidence undermines the substantial evidence supporting the ALJ's decision and shows that the ALJ's decision was based on legal error, and that the ALJ erred in failing to obtain this evidence before rendering a decision. (Dkt. # 16 at 8-9.) Plaintiff's conclusory allegations are not supported by any analysis, and thus fail to meet her burden to show that the ALJ's decision should be reversed. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (declining to address assertions unaccompanied by legal arguments: "We require contentions to be accompanied by reasons.").

**B.     The ALJ Did Not Harmfully Err in Discounting Plaintiff's Allegations**

The ALJ discounted Plaintiff's allegations because: (1) she testified that she stopped working because of her physical limitations, but the record shows that she stopped working because her CNA license was suspended due to her drug use; (2) the medical record fails to corroborate the disabling pain Plaintiff reported at the hearing; and (3) Plaintiff continued to perform physical activities inconsistent with the limitations she alleged. AR at 32-33. Plaintiff argues that the ALJ's reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues that the ALJ erred in finding that she stopped working due to her drug use, when the record contains evidence showing that she stopped working for medical reasons.

ORDER - 7

(Dkt. # 16 at 9-10 (citing AR at 805).) But the evidence cited by Plaintiff to support her interpretation of the record is merely her own self-report that her doctor believed her job was detrimental to her health. AR at 805. Plaintiff cites no statement from a doctor recommending that Plaintiff stop working due to physical issues and the Court is not aware of any such evidence; instead, substantial evidence in the record supports the ALJ's finding that Plaintiff stopped working for other reasons. *See, e.g.*, *id*. at 136, 177-78, 180, 182, 243, 613, 721, 727, 830, 840-41. Plaintiff has not shown error in this aspect of the ALJ's decision. *See* Social Security Ruling ("SSR") 82-61, 1982 WL 31387, at *1 (Jan. 1, 1982) ("A basic program principle is that a claimant's impairment must be the primary reason for his or her inability to engage in substantial gainful work.").

Next, Plaintiff contends that the ALJ erred in finding her allegations to be uncorroborated by the record, because this alone cannot support an ALJ's discounting of a claimant's testimony. (Dkt. # 16 at 10.) That may be true, but this reasoning did not constitute the entirety of the ALJ's assessment of Plaintiff's allegations, and therefore Plaintiff has failed to establish error in the ALJ's decision in this regard. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Plaintiff also argues that although the ALJ found that her physical activities were inconsistent with her alleged limitations, the ALJ failed to identify any such activities. (Dkt. # 16 at 10.) Indeed, the decision does not mention any particular physical activities, but does note that Plaintiff reported that with pain medication she was able to maintain a high level of functionality and complete household chores. AR at 32 (citing *id*. at 703, 706). Even if these sporadic

references to a high level of functioning do not constitute a clear and convincing reason to discount Plaintiff's allegations, any error is harmless in light of the ALJ's other valid reasons to discount Plaintiff's testimony. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

Accordingly, the Court affirms the ALJ's assessment of Plaintiff's testimony.

### C. Plaintiff Forfeited Her Appointments Clause Challenge

Article II, Section 2, Clause 2 of the United States Constitution ("the Appointments Clause") requires that inferior officers be appointed by the president, a court of law, or a head of a department. On June 21, 2018, the United States Supreme Court held that Securities and Exchange Commission ("SEC") ALJs are inferior officers subject to the Appointments Clause, and that a timely objection to the invalid appointment of an SEC ALJ must be remedied by a new hearing before a properly appointed ALJ. *Lucia v. S.E.C.*, __ U.S. ___, 138 S.Ct. 2044, 2055 (2018). In response to *Lucia*, the Commissioner ratified the appointments of Social Security ALJs on July 16, 2018. *See* SSR 19-1p, 2019 WL 1324866, at *2 (Mar. 15, 2019). The Commissioner also issued guidance instructing the Appeals Council to grant requests for review of decisions predating July 16, 2018, to any claimant who raised an Appointments Clause challenge either to the Appeals Council or to the ALJ. SSR 19-1p, 2019 WL 1324866.

In this case, the ALJ's decision was issued on August 29, 2018, after the ALJ's appointment had been ratified. Plaintiff claims that the fact that the ALJ was not properly appointed at the time of the March 2018 hearing constitutes an Appointment Clause violation, even though the ALJ's appointment had been ratified by the time the decision was entered. (Dkt. # 16 at 15-16.) Plaintiff did not raise an Appointments Clause challenge at either the ALJ level or the Appeals Council level but does so now for the first time. Plaintiff argues that she did not

ORDER - 9

forfeit her Appointments Clause challenge by failing to raise it before the agency, citing a Third Circuit decision so holding. (Dkt. # 16 at 16 (citing *Cirko ex rel. Cirko v. Saul*, 948 F.3d 148 (3d Cir. 2020).)

Although the Ninth Circuit has not ruled on this issue, the vast majority of district courts in the Ninth Circuit have found that plaintiffs, like Plaintiff in this case, who did not raise an Appointments Clause challenge at the agency level cannot raise it for the first time in district court. *See, e.g.*, *McHugh v. Comm'r of Social Sec. Admin.*, 2020 WL 4035168, at *4-6 (D. Ariz. Jul. 17, 2020) ("The Court agrees with the Commissioner and concludes, consistent with the conclusions reached by the overwhelming majority of other courts to have addressed this issue, that Plaintiff forfeited her Appointments Clause claim by failing to raise it at the ALJ level."). Indeed, as noted in the Commissioner's brief, "55 out of 59 district courts outside of the Third Circuit have rejected Appointments Clause challenges to SSA ALJs where the plaintiff failed to raise the issue during the administrative proceedings, although there is a split of authority in 8 of those districts." (Dkt. # 18 at 16.)

Plaintiff has not persuaded the Court that she properly preserved her Appointments Clause challenge. Plaintiff has made no attempt to distinguish this case on a factual or legal basis from the vast majority of cases disagreeing with her position, and the Court finds that she has not shown that the general rules of issue exhaustion should not apply here. *See Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). *Lucia* itself contemplates that Appointments Clause challenges must be timely raised (138 S.Ct. at 2055), and Plaintiff has not shown that her challenge was either timely raised or that she should be excepted from such a requirement. Accordingly, the Court finds that Plaintiff forfeited her Appointments Clause challenge.

ORDER - 10

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

Dated this 14th day of August, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge